IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATALIE JEAN WHITWORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-893-SMY |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court is the unopposed Motion to Dismiss Complaint of the Social Security Administration ("SSA") under Rule 12(b)(1) and Rule 12(b)(6) (Doc. 4). SSA moves for the dismissal of Plaintiff's complaint without prejudice based on the doctrine of derivative jurisdiction. For the following reasons, the motion is **GRANTED**.

Plaintiff filed a *pro se* small claims Complaint in the Circuit Court of Madison County, Illinois, alleging that, "[She is] of age to receive the amount of $2,500 dollars a month . . . . [She is] to receive $2,500.00 a month of (SSDI) from the Social Security administration office located in Belleville, Illinois." (Doc. 4-1, p. 4). SSA subsequently removed Plaintiff's action pursuant to 28 USC § 1442(a)(1) as an action against an agency of the United States and filed the instant motion to dismiss on the removal date (Doc. 1).[1]

---

[1] Nine months have elapsed without any response by Plaintiff to the SSA's motion, despite mail service to her home address on August 6, 2021 (Doc. 4, p. 4). The Court may, in its discretion, construe a party's failure to file a timely response as an admission of the merits of the motion. *See* Local Rule 7.1(c) (requiring a response to a motion to dismiss be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules, even if a default results"). In this instance, the Court will examine the motion on the merits.

Under the doctrine of derivative jurisdiction, "[i]f a state court lacks jurisdiction over the subject matter or the parties, then the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Ricci v. Salzman*, 976 F.3d 768, 771 (7th Cir. 2020), *quoting Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981). When invoked within 30 days of removal, the doctrine is a "mandatory bar" to the exercise of federal judicial power and properly results in dismissal without prejudice. *Ricci*, 976 F.3d at 773.

The Circuit Court of Madison County had no jurisdiction to review matters related to social security benefits – judicial review under the Social Security Act is within the exclusive jurisdiction of U.S. District Courts. *See*, 42 USC § 405(g). Thus, derivative jurisdiction applies to bar this Court from exercising jurisdiction over this case.

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 3, 2022**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**